UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**SAMUEL DAVIS, 91-A-3061,**

                        Plaintiff,                  02-CV-0545(Sr)

v.

**DAVID L. BARRETT,**

                        Defendant.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #20.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #88.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff complains that he was denied due process during the course of an administrative segregation hearing. Dkt. #1. In support of his motion to appoint

counsel, plaintiff claims that the legal issues are complex and he has limited knowledge of the law and, due to his placement in administrative segregation, limited access to the law library. Dkt. #88. However, the facts in this matter are not complex and plaintiff has demonstrated his capacity to articulate to the Court both the facts and legal theories supporting his claim. As a result, plaintiff has not established that appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
March 31, 2010

　　　　　　　　　　　　　　　　　　 **s/ H. Kenneth Schroeder, Jr.**
　　　　　　　　　　　　　　　　　　 **H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　 **United States Magistrate Judge**