**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**SAMUEL DAVIS, 91-A-3061,**

                                        **Plaintiff,**                    **02-CV-0545(Sr)**

**v.**

**DAVID L. BARRETT,**

                                        **Defendant.**

_____


## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #20.


        Plaintiff, proceeding _pro se_, commenced this suit pursuant to 42 U.S.C.

§ 1983 alleging that defendant Barrett violated his constitutional right to due process

during the course of an administrative segregation hearing at the Elmira Correctional

Facility ("Elmira"), on January 16, 2001.  Dkt. #1.  By Decision and Order entered

January 15, 2008, this Court granted defendant's motion for summary judgment on the

ground that plaintiff failed to demonstrate that the conditions of his administrative

confinement from January 3, 2001 through February 26, 2001 created a constitutionally

protected liberty interest.  Dkt. #81.  In light of this conclusion, the Court did not address

defendant's argument that he was entitled to qualified immunity because the obligation

of a hearing officer to independently assess the credibility of confidential informants

was not clearly established at the time of plaintiff's administrative segregation hearing.

Dkt. #64, p.9.

The Court of Appeals for the Second Circuit vacated this Court's Decision

and Order and remanded the case for further fact-finding on the issue of the actual

conditions of plaintiff's confinement in comparison to ordinary prison conditions.  *Davis*

*v. Barrett*, 576 F.3d 129 (2d Cir. 2009).  The Court of Appeals did not reach the ultimate

issue of whether the administrative hearing violated plaintiff's right to due process.  *Id.*

Currently before the Court is defendant's renewed motion for summary

judgment on the qualified immunity issue, as well as defendant's motion for summary

judgment of plaintiff's argument before the Court of Appeals (which was not set forth in

his complaint), that he did not receive sufficient notice of the conduct which warranted

his placement in administrative segregation.  Dkt. #100.   For the following reasons,

defendant's motion is granted.

## **BACKGROUND**

On January 3, 2001, Sergeant J. Perry issued an administrative

segregation recommendation for the plaintiff, Samuel Davis, which stated as follows:

> Over the past two weeks I have received confidential
> information from three separate sources indicating that
> inmate Davis has been involved in fights, extortion and
> possible drug involvement.  The information was verified

> with a fourth confidential source who has been reliable in the
> past. The main theme of the accusations is that Davis
> targets weaker inmates and then extorts them for
> Commissary products. There is [sic] strong statements that
> Davis uses a weapon sometimes.

Dkt. #103, p.22.


On January 16, 2001, defendant Barrett conducted a hearing with respect

to the recommendation. Dkt. #103, Exh. A. During the course of the hearing, plaintiff

requested that defendant Barrett interview the confidential informants outside of his

presence so that he could "see their credibility." Dkt. #103, p.9. CHO Barrett denied

plaintiff's request. Dkt. #103, p.15. In support of his motion for summary judgment,

CHO Barrett opined that attempting to interview the confidential informants outside of

plaintiff's presence

> would pose a risk to them because I believed it would be
> difficult to conduct such an interview without another inmate
> becoming suspicious of what was happening and reporting
> his suspicion to the Plaintiff, an influential inmate. I was
> aware that Sgt. Perry had interviewed the confidential
> informants himself, and I had confidence in his ability to
> assess their credibility. Accordingly, I saw no need to
> interview them myself, as I thought it would jeopardize
> institutional safety and put the confidential informants' lives
> in danger.

Dkt. #103, ¶ 8.


Relying upon the administrative segregation recommendation written by

Sgt. Perry, CHO Barrett found plaintiff involved in the extortion of inmates. Dkt. #103,

p.20. Plaintiff complained that CHO Barrett hadn't interviewed Sgt. Perry and didn't

indicate why Sgt. Perry had not been called to testify at the hearing.  Dkt. #103, p.15.

CHO Barrett responded that plaintiff had not requested Sgt. Perry as a witness.  Dkt.

#103, p.16.  CHO Barrett also noted that he "read some of the notes . . . that were

supplied along with my copy of the hearing, the confidential information."  Dkt. #103,

p.16.[1]  Plaintiff asked to see that information "with the names deleted," but CHO Barrett

refused the request on the ground that "it's confidential information."  Dkt. #103, p.16.

Plaintiff remained in administrative segregation until February 26, 2001,

when he was transferred to the Attica Correctional Facility and housed in the general

population.  Dkt. #61, ¶ 2.

On March 6, 2001, Donald Selsky, Director of Special Housing/Inmate

Discipline, reversed CHO Barrett's determination.  Dkt. #103, ¶ 3.  In support of this

decision, Director Selsky stated as follows:

> Report was based on investigation and confidential
> information.  Author did not testify and no assessment of
> reliability was made on the confidential information.

Dkt. #103, p.18.

---

[1] The confidential information, which was provided to the Court *in camera,* includes a
memorandum from Sgt. Perry stating that an unnamed "reliable informer" informed him that some inmates
were concerned that plaintiff was extorting commissary products from "weaker inmates;" a signed
statement from an inmate claiming plaintiff attempted to stab him on a stated date and location; and an
unsigned note from an inmate claiming that plaintiff attempted to "cut" the author with a razor plaintiff had
hidden in his hair.

## DISCUSSION AND ANALYSIS

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff."  *Thomas v. Irvin*, 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

### Qualified Immunity

In evaluating a summary judgment motion based on qualified immunity, the court must perform a two-part test.  *See Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004).  First, it must determine whether the facts, viewed in the light most favorable to

the plaintiff, establish a constitutional violation.  *Id.* at 68-69.  If they do not, the plaintiff

may not recover because he has suffered no wrong cognizable under § 1983.  *Id.*  If the

facts do establish a constitutional violation, the court proceeds to the second inquiry

and asks "whether it would be clear to a reasonable officer that his conduct was

unlawful in the situation he confronted."  *Id., quoting Saucier v. Katz*, 533 U.S. 194, 202

(2001).  "If a reasonable officer could have believed that the challenged conduct was

lawful at the time of the violation, then qualified immunity bars the claim."  *Id.*


>The Supreme Court of the United States has determined that
>
>an informal, nonadversary evidentiary review is sufficient
>both for the decision that an inmate represents a security
>threat and the decision to confine an inmate to
>administrative segregation pending completion of an
>investigation into misconduct charges against him.  An
>inmate must merely receive some notice of the charges
>against him and an opportunity to present his views to the
>prison official charged with deciding whether to transfer him
>to administrative segregation.

*Hewitt v. Helms*, 459 U.S. 460, 476 (1983).  The Court of Appeals for the Second

Circuit has determined that, as with disciplinary segregation, the notice required before

placement in administrative segregation should be sufficiently specific to inform the

inmate of what he is accused of doing so that he can prepare a defense to those

charges and not be made to explain away vague charges.  *See Taylor v. Rodriguez*,

238 F.3d 188, 192-93 (2d Cir. 2001). Thus, an inmate must have sufficient information

so as not to "have to guess what conduct forms the basis for the charges against him."

*Id.* at 193.

In the instant case, the transcript of the administrative segregation hearing is clear that plaintiff received a copy of the administrative segregation recommendation prior to the hearing and that this recommendation alleged that plaintiff extorted inmates for Commissary products during the prior two weeks.  Dkt. #103, pp.8 & 22.  This is sufficiently specific to inform plaintiff of what he was accused of doing so that he could prepare a defense.  The notice need not identify the confidential informants alleging misbehavior by plaintiff.  *Id.*  Accordingly, defendant is granted summary judgment with respect to plaintiff's allegation that he did not receive sufficient notice of the conduct which justified his placement in administrative segregation.

Pursuant to 7 N.Y.C.R.R. § 301.4, a Superintendent's Hearing must be conducted within 14 days of the initial assignment to administrative segregation.  In accordance with the standards for such a hearing, the Court must find "some evidence" in the record that could support the hearing officer's conclusion that placement in administrative segregation was warranted.  *Id.* at 194.  Defendant argues that Sergeant Perry's investigation of the allegations and interview of the confidential informants, which was submitted to hearing officer Barrett, provides "some evidence" to support defendant's determination.  Dkt.# 102, pp.16-17.  However, where a hearing officer's determination is based on confidential information, the Court of Appeals has required "some examination of indicia relevant to an informant's credibility."  *Id.*, *citing Giakoumelos v. Coughlin*, 88 F.3d 56, 61 (2d Cir. 1996).

Although *Giakoumelos* involved a disciplinary hearing, the *Taylor* court relied upon it in reaching its conclusion with respect to an administrative segregation recommendation, determining that the requirement of "an independent credibility assessment ensures not only a fair hearing and discipline based on reliable evidence, but also places a minimal burden on prison officials conducting such hearings, with the assurance that judicial review is available."  *Id.*  Thus, a fair reading of the Court of Appeals decision in *Taylor* incorporates into administrative segregation hearings  the requirement that a hearing officer independently assess the reliability of a confidential informant.  In the instant case, defendant based his determination upon the administrative segregation recommendation written by Sergeant Perry without interviewing either Sergeant Perry or the confidential informants.  Dkt. #103, pp.20, 36. This does not satisfy the requirements of due process.  *Id.*

Defendant argues that the obligation to independently assess the credibility of confidential informants was not clearly established at the time of the hearing in 2001.  Dkt. #102, p.19.  In support of this argument, defendant cites *Sira v. Morton*, in which the Court of Appeals noted "some ambiguity in our case law whether a hearing officer must make an independent assessment of informant credibility to ensure that disclosures qualify as some reliable evidence, or whether he can simply rely on the opinions of prison officials who have dealt with the informants."  380 F.3d at 77.  As evidence of that ambiguity, the Court of Appeals in *Sira* cited *Gaston v. Coughlin*, in which it recognized that the Court of Appeals had yet to resolve "the question of

'whether an inmate has a right to an independent assessment of the credibility of confidential informants and a contemporary record of that assessment.'" *Id., citing* 249 F.3d 156, 163 (2d Cir. 2001).[2]  This is sufficient to establish that a hearing officer's obligation to independently assess the credibility of confidential informants was not clearly established at the time of plaintiff's administrative segregation hearing in 2001. *See Samuels v. Selsky*, 2006 WL 328290, at * (2d Cir. Feb. 13, 2006) (citing *Sira* for holding that even if the hearing officer should have conducted a more detailed and independent inquiry into the reliability of confidential informants, defendants would be entitled to summary judgment on a theory of qualified immunity); *Dawkins v. Gonyea*, 646 F. Supp.2d 594, 614 (S.D.N.Y. 2009) ("*Sira* clearly established that an independent assessment is necessary to satisfy the 'some evidence' standard when a disciplinary decision is based solely on confidential information."); *Jackson v. Ricks*, 02-CV-773, 2006 WL 2023570, at *21 (N.D.N.Y. July 18, 2006) (principle that a hearing officer could not rely upon the opinion of another person but had to conduct an independent assessment of a confidential informant was not clearly established until August 17, 2004, when the Second Circuit decided *Sira*); *Torres v. Testa*, 02-CV-986, 2005 WL

---

[2]  Although *Richardson v. Selsky*, 5 F.3d 616, 623 (2d Cir. 1993), affirmed a finding of qualified immunity where the hearing officer failed to make an independent assessment of the reliability of a confidential informant because the Court of Appeals "only today addressed [in *Russell v. Scully*], whether the law is clearly established that prisoners have a right to an independent examination of the credibility of confidential informants," in *Russell,* the Court of Appeals determined that it did not need to decide "the question of whether or not prisoners in 1989 had a clearly established right to an independent examination of the credibility of confidential informants." 15 F.3d 219, 221 (2dCir. 1993). *See Luke v. Artuz*, 93 Civ. 2069, 1995 WL 577806, at * 4 (S.D.N.Y. Oct. 2, 1995) (citing *Richardson* and *Russell* for the proposition that "[t]he Second Circuit repeatedly has made clear that this Circuit has not yet established an inmate's right to an independent assessment of the credibility of confidential informants."); *but see Gomez v. Kaplan*, 964 F. Supp. 830, 835 (S.D.N.Y. 1997) (concluding that following *Richardson*, "the clearly established law in this Circuit required prison disciplinary hearing officers to make an independent assessment of the reliability of confidential informants, and to create and preserve a record of that assessment.").

1174075 (N.D.N.Y. May 18, 2005) (finding it objectively reasonable for hearing officer to use confidential sources as evidence of plaintiff's participation in an inmate labor strike planned for January 1, 2000, because the principle set forth in *Sira* was not clearly established at the time of plaintiff's hearing).  Accordingly, defendant is entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.  Dkt. #57.  The Clerk of the Court is directed to enter judgment in favor of the defendant.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:      Buffalo, New York
            June 13, 2011

                          **s/ H. Kenneth Schroeder, Jr.**
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**

-10-